# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | |
|---|---|
| **LATRICE AUSTIN**, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Case No. 1:25-cv-01103-SDG |
| v. | District Judge Steven D. Grimberg |
| **BETTER DEBT SOLUTIONS, LLC,** | |
| Defendant. | |

## DECLARATION OF ERIC J. TROUTMAN IN SUPPORT OF DEFENDANT BETTER DEBT SOLUTIONS, LLC'S, ORDER TO SHOW CAUSE

I, Eric J. Troutman, declare:

1. The following facts are true by my own personal knowledge and if called as a witness to testify I could, and would, testify competently thereto.

2. I am attorney duly licensed to practice law in California and Washington state.

3. I have served as lead counsel in well over 500 putative nationwide TCPA class actions.

4. I am a founding partner at Troutman Amin, LLP—a firm that attempts to distinguish itself in the marketplace leveraging its high degree of experience, expertise and craftmanship in its legal work product.

1

5.  I was admitted to practice law in 2003. During that time, I have handled many hundreds (perhaps thousands) of litigation matters and have drafted and reviewed many hundreds of legal briefs. I have never been sanctioned by any court at any level. I have never been subject to any form of ethical review. To the best of my recollection, this is the first Order to Show Cause regarding sanctions I have ever had to address.

6.  Troutman Amin, LLP bans the use of GenAI for any substantive legal work for the firm's clients—this includes the use of any GenAI product to research or draft any court submission. This strict policy has been repeatedly shared with all members of the firm since I initially stated it publicly in February 2024. I have reiterated Troutman Amin, LLP's refusal to adopt GenAI even as numerous law firms have proudly adopted the technology. I even personally issued a press release on the subject in January 2026. *See* Eric "Czar" Troutman, *PRESS RELEASE: Powerhouse Litigation Shop Troutman Amin, LLP Bucks Legal AI Trend: Announces "Zero Tolerance" Policy For Generative AI Usage By Firm Attorneys*, (Jan. 23, 2026), https://tcpaworld.com/2026/01/23/press-release-powerhouse-litigation-shop-troutman-amin-llp-bucks-legal-ai-trend-announces-zero-tolerance-policy-for-generative-ai-usage-by-firm-attorneys/.

7.  Additionally, I have been a forceful advocate for lawyers declining to use GenAI in their practices and have repeatedly used my well-read legal blog

(TCPAWorld.com) to discuss sanctions orders on the subject to draw awareness of the dangers of GenAI usage in the practice of law.

8. In addition to banning GenAI at Troutman Amin, LLP, the firm's partners require that all substantive briefing and discovery responses be drafted in time to permit partner-level review prior to submission to the court or opposing counsel. This is done to assure all firm submissions meet our high quality standards in addition to assuring all requirements of Rule 11 are met. A weekly "calendar" meeting is held involving all firm personnel to assure all deadlines—including internal deadlines that assure timely review of briefs—are met and to assure partners plan to set aside their own time for needed reviews of upcoming briefs.

9. As noted above, I have reviewed many hundreds (if not thousands) of briefs over the course of my 23 year career. In reviewing briefs, I will sometimes check cite attributions particularly where a brief concerns a novel issue or where a submitting attorney is a junior associate or an attorney whose work product is not known to me. I am highly unlikely to check cite attributions, however, on a well-tread area of law submitted in a brief submitted by one of my senior associates. I trust these experienced attorneys will properly attribute cites and advise senior lawyers that although I am reviewing their briefs for substance I am not likely to check that each citation in the brief is correct as that is their responsibility.

10. Here, unfortunately, the attributions of two quotes in the brief were not

correct. As the head of the firm the responsibility to assure high-quality and accurate briefs rests on my shoulders. I believed I could rely on senior associates to correctly review citations and attribute quotations in a brief. In my experience this is true approximately 99.9% of the time. But in this instance, it was not true and I take responsibility for that failure. I had no reason to believe any citation in the brief was misattributed, however, and I certainly did not intentionally submit a brief with inaccurate attribution.

11. At the time of the submission of the briefs at issue in the Order to Show Cause, Counsel Jenniffer Cabrera was a senior associate at Troutman Amin, LLP and a trusted "lieutenant" level attorney with the firm. At that time, she was the firm's lead counsel for this matter. I was *not* likely to check individual citation attributions in her briefs at the time given her senior status and years of experience working with me and the firm.

12. Upon my review of the background here, it appears Counsel Cabrera utilized a newly-admitted associate attorney at the firm—Kayla Kershen—to prepare the first draft of the Motion to Strike. The misattributed quote appears in the very first draft provided by Counsel Kershen to Counsel Cabrera. Although there were several back-and-forth iterations of the brief—and although I personally discussed the content of the brief with Counsel Cabrera and reviewed it prior to submission to local counsel—the improper *Dukes* attribution was not detected by

any of the lawyers involved.

13. Local counsel signed and submitted the Motion to Strike at Counsel Cabrera's behest. It was not my anticipation—or the anticipation of anyone at Troutman Amin, LLP to my knowledge—that Counsel Brandon O. Moulard would cite check each and every attribution in the brief. His review was intended to assure local customs, practice, and rules are followed in connection with the submission. It is my personal belief that although Counsel Moulard signed the submission, he should not be sanctioned here as he was relying on my office to assure the representations of Rule 11 were complied with in his submission of the brief at our behest.

14. The reply brief at issue was not submitted by Counsel Cabrera to me in time for a review prior to submission to the Court. It appears she filed that brief without local counsel's review as well. This was inconsistent with the firm's requirements. That being said, even a timely submission of the reply brief to me for review would not likely have led to the detection of the misattributed quotation, as I failed to catch the citation in the original motion and as I later reviewed the reply brief and did not detect it even after it was filed.

15. Counsel Kershen departed the firm on July 2, 2025. Counsel Cabrera's time at the firm ended in December 2025.

16. I have reached out to both Counsel Cabrera and Counsel Kershen

5

regarding the origin of this error. Both pointed out that the quotation was properly attributed to *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013) and that *Manning* cited to *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Both have denied the use of GenAI in connection with the drafting of the brief—and given the firm's intense anti-GenAI positioning, I have no reason to doubt their sincerity on this subject.

17.    I believe Troutman Amin, LLP exceeds all applicable rules and requirements for ethical supervision of junior attorneys. I do not believe the mistaken attribution at issue here was caused by any failure or dereliction of responsibility by the firm. I also believe all legal contentions in the briefs were well founded and that the motion itself was meritorious, although it was ultimately denied.

18.    I have no reason to believe Counsel Cabrera or Counsel Kershen intentionally submitted a false quote attribution to the Court, and I certainly did not. I believe Counsel Cabrera did not meet the firm's high standards in preparing and submitting the briefs at issue, but I do not believe her conduct fell below any applicable standard of care and have no reason to believe she acted recklessly or in bad faith.

19.    Still, I am frustrated with myself and believe I should have caught the mistake. I hold myself accountable as the head of the firm and the person ultimately responsible for assuring the quality and accuracy of all briefing. Although I did not

sign the briefs at issue—and thus did not make the representations required under Rule 11 to this Court—I again ask that if anyone be sanctioned for the mistake at issue here it be me and me alone.

20. In particular, the Defendant—Better Debt Solutions, LLC—should not face sanctions. The Defendant relied entirely upon Troutman Amin, LLP, to draft its legal briefing and no employee at Better Debt Solutions, LLC, had any hand in its preparation or submission.

21. Since this event, the partners at Troutman Amin, LLP, have reemphasized the importance of cite checking briefs prior to submission to the court to all firm personnel. We have also reminded all lawyers of the requirements of Rule 11 and of the firm's high standards for legal briefing. We have also undertaken a review of all briefing to assure this misattribution error is never repeated and to take appropriate steps to rectify all instances of misattribution in any brief the firm has submitted to date.

Pursuant to 28 U.S.C. § 1746, I declare signed under penalty of perjury of the United States of America that the foregoing is true and correct.

Executed on this 23rd day of February 2026 in Irvine, California.

/s/ Eric J. Troutman
Eric J. Troutman

## CERTIFICATION

I hereby certify that on February 23, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

                                    */s/ Eric J. Troutman*
                                    Eric J. Troutman