IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LATRICE AUSTIN**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BETTER DEBT SOLUTIONS, LLC,**<br><br>Defendant. | Case No. 1:25-cv-01103-SDG |

### DECLARATION OF BRANDON O. MOULARD

This Declaration is given by Brandon O. Moulard, who, under penalty of perjury, states the following is true and correct:

1. My name is Brandon O. Moulard. I am over 21 years old, legally competent to make this Declaration, and have personal knowledge of the statements made herein.

2. I am a partner in the Atlanta office of Parker Poe Adams & Bernstein LLP. I have been with Parker Poe since April 2022, practicing mostly in education law. I have fifteen years of practice in state and federal court.

3. Most of my cases have been in the United States District Court for the Northern District of Georgia. I am familiar with this Court's Local Rules and practice customs.

4. On March 11, 2025, Jenniffer Cabrera, then an associate in the Florida office of Troutman Amin, LLP, emailed one of my former colleagues to ask whether an attorney in Parker Poe's Atlanta office would be willing to serve as local counsel in a lawsuit filed against Better Debt Solutions, LLC, ("BDS") that her office was defending. (Exhibit 1: 3/11/2025 email from Cabrera to Goldsticker.)

5. In that email, Ms. Cabrera stated that the role of the local counsel would be "to assist with our PHV, act as a mail drop, provide insight into local procedures, and ensure compliance with local rules." (*Id.*)

6. In my experience, it is common for out-of-state counsel to retain local counsel primarily for procedural and local-practice support, while substantive briefing is prepared by lead counsel.

7. My former colleague asked me if I would be willing to serve as local counsel for Troutman Amin. I agreed.

8. I exchanged emails with Ms. Cabrera on March 11 and 12, and she and I spoke on the phone on March 18. During that call, we confirmed that my responsibilities as local counsel would be to assist with *pro hac vice* applications, advise about local practice, and review filings for compliance with the Local Rules. Ms. Cabrera and her firm would serve as lead counsel for BDS and perform the substantive legal work.

9. On April 9, 2025, Ms. Cabrera emailed me four documents to review and file: (1)

BDS's Corporate Disclosure Statement and Certificate of Interested Persons, (2) Rule 12(b)(6) Motion to Dismiss Plaintiff's Class Action Complaint, (3) Motion to Strike Class Allegations in Plaintiff's Class Action Complaint, and (4) Motion to Bifurcate Discovery.

10. That evening, I spoke with Ms. Cabrera about the documents.

11. I reviewed all four documents, focusing on compliance with the Local Rules of the Northern District of Georgia, formatting, captioning, certificates, and similar procedural requirements.

12. I suggested formalistic changes to the motions. I also recommended changes to the individuals listed on the certificate of interested persons.

13. When I reviewed the motion to strike, I noticed that Ms. Cabrera cited *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), for several propositions about pleading class actions, including the following quotation: "If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations."

14. I was generally familiar with the *Dukes* case and recognized the quotation as a legitimate principle of law that I had seen cited by many courts.

15. Based on my familiarity with that legal principle, I did not suspect the citation to *Dukes* was inaccurate or misleading.

16. Consistent with my role as local counsel and the understanding I had with Ms. Cabrera and her law firm, I did not independently research or verify each citation in the motions she prepared. I instead reviewed lead counsel's substantive legal arguments and citations and believed them to be accurate based on our conversations and my experience as a litigator.

17. After Ms. Cabrera approved my suggested changes to the documents, I asked my legal assistant to file them, which she did that evening.

18. I understand my obligations to the Court and would not knowingly submit, or allow to be submitted, any filing containing a misrepresentation of law or fact. The inaccurate citation to the *Dukes* case identified by the Court was unintentional and unknown to me at the time of filing.

19. Since that time, I have confirmed that the quote misattributed to *Dukes* that appears in the motion to strike is in fact good law and comes from *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013).

20. Based on representations from Ms. Cabrera, no generative artificial intelligence tool was used to prepare the motion to strike.

21. At no time did I act with intent to mislead the Court, nor did I consciously disregard any known risk that the cited legal authorities were inaccurate.

22. I had no involvement in the preparation, review, editing, or filing of the reply in support of BDS's motion to strike [Doc. 28], and I did not review that filing

before it was submitted to the Court.

I declare under penalty of perjury that the foregoing is true and correct.

This 23rd day of February, 2026.

                                                                                                        Brandon O. Moulard

**From:** Jenniffer Cabrera <jenniffer@troutmanamin.com>
**Sent:** Tuesday, March 11, 2025 7:28 PM
**To:** Goldsticker, Michael A. <michaelgoldsticker@parkerpoe.com>
**Cc:** Kayla Kershen <kayla@troutmanamin.com>; Eric Troutman <troutman@troutmanamin.com>; Puja Amin <amin@troutmanamin.com>
**Subject:** Austin v. Better Debt Solutions - Local Counsel Interest

**\*\*\*Caution: External email\*\*\***

Mr. Goldsticker,

We represent Better Debt Solutions LLC in the case *Austin v. Better Debt Solutions, LLC,* which was filed in the Northern District of Georgia.

Mr. Brent Phillips advised that you've previously represented Better Debt Solutions, LLC in another matter and have an office in Atlanta, GA.  We are seeking local counsel to assist with our PHV, act as a mail drop, provide insight into local procedures, and ensure compliance with local rules.

Please provide the terms of your engagement. Attached is a copy of the complaint for a conflicts check. Our deadline to respond is March 26, 2025.

Thanks,

**Jenniffer Cabrera ("Countess Cabrera")**
*Associate Attorney*

1825 NW Corporate Blvd - Suite 100
Boca Raton, Florida 33431
P - 561-834-0883 (No ATDS)
www.troutmanamin.com
Stay up to date with tcpaworld.com



4

**EXHIBIT 1**